United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 21, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30652
Summary Calendar
_____

KLEINERT C. BROWN, Succession,

Plaintiff-Appellant,

versus

UNITED STATES DEPARTMENT OF AGRICULTURE; ANN VENEMAN,
SECRETARY, DEPARTMENT OF AGRICULTURE; FARM SERVICES AGENCY;
WILLIE COOPER; HARRY MOCK, JR.; ROBERT BRADLEY,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CV-696
--------------------

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

The Succession of Kleinert C. Brown ("Brown") appeals from the summary judgment dismissal of claims against the United States Department of Agriculture (USDA), and individual defendants Harry Mock, Jr., Robert Bradley, and Willie Cooper. Brown sought review of a USDA decision denying an application for disaster benefits related to catfish farming operations under the Crop Loss Disaster Assistance Program (CLDAP). The complaint also sought monetary

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

damages from the individual defendants for their alleged actions in connection with the USDA's denial.

Brown first argues that the Louisiana Farm Service Agency (Louisiana FSA) exceeded its authority in overruling a determination of the Franklin Parish County Committee. Brown raised this issue in proceedings before the National Appeals Division of the USDA, which determined that the Louisiana FSA did not exceed its authority. This court "will affirm the agency's interpretation unless, in light of the language and purpose of the regulation, it is unreasonable." Sid Peterson Memorial Hospital v. Thompson, 274 F.3d 301, 308 (5th Cir. 2001). Brown has failed to show that the USDA's interpretation of regulations governing the CLDAP is unreasonable. See 7 C.F.R. §§ 1477.102, 1477.109(c).

Brown also argues that the district court erred in granting summary judgment on his claim that his due process rights were violated in not having the opportunity to participate in the meeting of the Louisiana FSA committee. "Absent an identifiable property interest, the [a]ppellants cannot argue they were denied due process." Wilson v. United States Dep't of Agriculture, 991 F.2d 1211, 1216 (5th Cir. 1993). "The mere fact that a government program exists does not give a person a property interest in participating in the program." Id.

Brown argues in conclusory fashion, and without citation to supporting authority, that he acquired a vested property interest in CLDAP benefits by virtue of the decision of the Franklin Parish

County Committee, and thus has failed to demonstrate that he had an identifiable property interest subject to due process protection.

Brown has failed to brief any argument pertaining to the dismissal of claims against the individual defendants. This court will not raise and discuss legal issues that the appellant has failed to assert. When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that judgment. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

The judgment of the district court is AFFIRMED.